# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOE TUCKER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACQUELINE MITCHELL-LAWSHEA, D.D.S., ) <br> FREDERICK A. CRAIG, D.D.S., ) <br> MARLON MCKNIGHT, CHRISTINE LUCE GIOE, ) <br> AND WEXFORD HEALTH SOURCES, INC., ) <br> ) <br> Defendants. ) | No. 17 CV 05883 <br><br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joe Tucker Jr., an Illinois prisoner confined at Stateville Correctional Center at all times relevant to this action,[1] filed suit against defendants Jacqueline Mitchell-Lawshea, D.D.S., Frederick A. Craig, D.D.S., Marlon McKnight, Christine Luce Gio, and Wexford Health Sources, Inc., alleging that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment in connection with the removal of his wisdom tooth. R. 40. Currently before the Court is Tucker's renewed motion for the appointment and substitution of a representative for the estate of defendant Craig, who died after Tucker filed this action. R. 59. For the following reasons, the Court grants Tucker's motion and appoints counsel for Wexford (and formerly Craig) as special representative for Craig, absent the suggestion of a suitable alternative by Wexford's counsel as provided below.

---

[1] Tucker is currently incarcerated at Western Illinois Correctional Center.

**Background**

Tucker filed this action on August 10, 2017.[2] R. 1. Tucker alleges that defendants failed to provide him with adequate medical and dental care during his incarceration at Stateville Correctional Center in violation of his Eighth Amendment rights. R. 40. Specifically, Tucker contends that in May 2016, Craig, an oral surgeon, and the other individual defendants demonstrated a complete lack of care or concern for Tucker's safety in connection with the removal of an impacted wisdom tooth. *See generally id.*; R. 59 at 1. He further contends that Craig was under contract with Wexford, a private corporation that in turn contracted with the Illinois Department of Corrections to provide medical care to Stateville inmates, and that Wexford's policies, procedures and customs in providing those services also violated Tucker's Eighth Amendment rights. R. 40.

On June 7, 2018, Craig died a resident of South Carolina. R. 59 at 1. On June 21, 2018, Wexford filed a suggestion of Craig's death pursuant to Federal Rule of Civil Procedure 25(a). R. 50. Then, 88 days later on September 17, 2018, having been unable to identify any successor or representative for Craig, Tucker moved for an order directing Wexford to name the representative of Craig's estate, or, alternatively, for the Court to appoint a representative. R. 53. In his motion, Tucker indicated that Wexford's counsel had informed him that Craig's widow did not expect any probate estate to be opened. *Id.* at 2. Tucker also moved for an extension of time

---

[2] Tucker filed an amended complaint on January 12, 2018, R. 15, and a second amended complaint on April 25, 2018, R. 40.

to substitute the proper party under Rule 25(a). *Id.*; Fed. R. Civ. P. 25(a) ("If the motion [to substitute the proper party] is not made within 90 days after service of a statement noting the death, the action . . . must be dismissed").

At the September 19, 2018 hearing, the Court granted Tucker's motion for an extension of time to substitute the proper party, giving Tucker an additional 60 days—until November 19, 2018—to do so. R. 55. The Court denied (without prejudice) Tucker's motion to either direct Wexford to name the representative, or, alternatively, for the Court to appoint one. *Id.* In so doing, the Court indicated that Tucker's counsel could open an estate for the purpose of substituting in a proper party and keeping Craig in the case. But the Court stated that if Tucker wanted either Wexford or the Court to appoint a representative, Tucker must submit the authority demonstrating the Court's ability to so order or appoint.

On November 16, 2018, three days before the Court-extended deadline for substitution and having been unable to substitute a proper party for Craig, Tucker filed a renewed motion for appointment of a representative and to extend the time to substitute a proper party, purporting to invoke Federal Rule of Civil Procedure 25(a) and 735 ILCS 5/2-1008(b)(2), and citing case law in support. R. 59. The Court set a briefing schedule and granted Tucker additional time—until the next status hearing on January 22, 2019—to substitute a proper party and effectively keep Craig in the case.

At the January 22, 2019 status hearing, the motion then fully briefed, the Court granted Tucker's motion to extend the time to substitute a proper party until

3

such time as the Court ruled on his motion for the appointment of a representative. During the hearing, counsel for Wexford argued that a conflict of interest would exist if Tucker were to seek punitive damages and if he as Wexford's counsel were appointed as the representative for Craig, because Wexford's insurer would "undeniably" deny coverage. When the Court asked whether counsel believed a conflict would exist if Tucker did *not* seek punitive damages, counsel agreed that none would. Consequently, the Court asked Tucker's counsel to file a notice indicating whether Tucker intended to seek punitive damages against Craig. Tucker subsequently filed a notice on the Court's docket indicating (1) that he would not seek to recover punitive damages against Craig, and (2) acknowledging that should this Court appoint and substitute a special representative pursuant to 735 ILCS 5/2-1008(b)(2), recovery would be "limited to the proceeds of any liability insurance." R. 65.

## Analysis

Federal Rule of Civil Procedure 25(a) governs the substitution of parties. In the case of the death of a party, it provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

There is no dispute that Tucker filed his initial motion within 90 days after filing a suggestion of Craig's death. There is likewise no dispute that Tucker's claim

4

against Craig, brought pursuant to 42 U.S.C. § 1983, survives his death. *See Hicks v. Young*, 2012 WL 1755735, at *1 (N.D. Ill. May 15, 2012) (plaintiff's Section 1983 deliberate indifference claim survived death of defendant since personal injury claims survive the death of a party under Illinois law (citing *Lindsey v. Special Adm'r of Estate of Phillips*, 579 N.E.2d 445 (Ill. App. Ct. 1991)). But the parties disagree on how the "proper party" determination can be made. Ordinarily, the "proper party" is the personal representative of the party who has died. *Atkins v. City of* Chicago, 547 F.3d 869 (7th Cir 2008). A "personal representative" for this purpose "refers to someone appointed pursuant to a petition for letters of office" to "settle and distribute an estate," *i.e.*, as an executor or administrator. *Relf v. Shatayeva*, 998 N.E.2d 18, 28-29 (Ill. 2013). However, the Seventh Circuit has yet to address the question of who the "proper party" for substitution is under Rule 25(a) where no personal representative has been or is expected to be appointed. *Tamburo v. Dworkin*, 2012 WL 104545, at *2 (N.D. Ill. Jan. 11, 2012); *In re Baycol Prods. Litigation,* 616 F.3d 778, 783 (8th Cir. 2010) ("It is well-established that a decedent's legal representative may substitute . . . for the decedent in a cause of action. It is not well-established . . . who may be considered the decedent's "successor" under Rule 25(a)(1), and therefore, also a proper party for purposes of substitution" (internal citations omitted)).

Both parties cite case law applying Illinois civil procedure rules to determine the "proper party" for substitution. *See* 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 25.12[3] (3d ed. 2011) ("Whether a person is a proper party is . . . a substantive rather than procedural question and is determined according to state

5

law"). Tucker contends that 735 ILCS 5/2-1008(b)(2) controls and allows the Court to appoint a special representative to defend this action. Wexford argues that 735 ILCS 5/13-209(c) is applicable and requires Tucker to open a probate estate in South Carolina for the purpose of appointing a representative. R. 62. The Court addresses each argument below, beginning with Wexford's.

**I.     735 ILCS 5/13-209(c)**

Wexford argues that *Stewart v. Evanston Insurance Company*, 2015 WL 6407210 (N.D. Ill. Oct. 21, 2015) provides "a roadmap as to the exact manner" in which Tucker should but has failed to proceed in seeking to substitute a representative for Craig, and that the Court lacks power to appoint a special representative. R. 62 at 1-2. Notably, there are several parallels between the facts in *Stewart* and those here. Both concern a Section 1983 claim brought in connection with Wexford and its physician-employees' alleged wrongdoing. Both concern the death of a defendant Wexford physician-employee and the potential substitution of a representative. And in both cases, the defendant physician died out-of-state. But Wexford's argument fails in one critical respect: in *Stewart*, the plaintiff was not aware that the would-be defendant had died before he commenced his action against him. *Stewart*, 2015 WL 6407210, at *18. Accordingly, in considering whether the deceased defendant-physician's insurance company had been properly appointed special representative, the court examined 735 ILCS 5/13-209, a statutory provision that applies when a plaintiff commences an action against a defendant *after* the defendant has died. Indeed, and as the court noted, "Section 13-209(b) presuppose[s]

6

that the plaintiff is aware of the defendant's death at the time he or she commences the action," and "Section 13-209(c) applies 'where . . . the defendant's death is not known to plaintiff before expiration of the limitations period and, unaware of the death, the plaintiff commences the action against the deceased defendant directly.'" *Id.* (quoting *Relf*, 998 N.E.2d at 22-23, 25); *see also* 735 ILCS 5/13-209(b) and (c). The court noted that while 735 ILCS 5/13-209(b) permitted the court to appoint a special representative, 735 ILCS 5/13-209(c) did not. The court held that 735 ILCS 5/13-209(c) applied because the plaintiff was unaware of the defendant's death before filing the lawsuit. Accordingly, the court granted the insurance company's motion for judgment on the pleadings, because the insurance company had been appointed special representative where no such authority existed. *Id.* at *18. The court went on to describe the process by which the plaintiff still could proceed against the defendant-physician under that statute, which included "open[ing] an estate in state court." *See id.* But of course, this has no bearing on Tucker's case, where there is no dispute that Craig died *after* Tucker filed his lawsuit.[3] Accordingly, the Court finds both *Stewart v. Evanston Ins. Co.*, 2015 WL 6407210 (N.D. Ill. Oct. 21, 2015) and 735 ILCS 5/13-209 inapplicable here.

---

[3] Wexford also represents that the *Stewart* court required the plaintiff to open an estate in California state court where the defendant died in order to proceed under 735 ILCS 5/13-209(c). However, this is unclear; the court stated that the plaintiff could still proceed if he was able to open an estate "in state court" (without specifying which) by the time required under 735 ILCS 5/13-209(c). *Stewart*, 2015 WL 6407210, at *18 ("Section 13-209(c) allows for plaintiff to proceed . . . so long as he is able to open an estate in state court and do so before July 9, 2016").

7

## II.     735 ILCS 5/2-1008(b)(2)

Tucker relies heavily on *Anderson v. Romero*, 42 F.3d 1121 (7th Cir. 1994) to argue that the Court has the power to appoint a special representative here under 735 ILCS 5/2-1008(b)(2). That statute states that if a party:

> against whom an action has been brought dies, and the cause of action survives . . . his or her personal representative shall be substituted as a party. If no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person bringing an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action.

735 ILCS 5/2-1008(b)(2).

In *Anderson*, the plaintiff-appellee died intestate during the pendency of the defendant-appellant's appeal. The state attorney general refused to disclose the name of the plaintiff-appellee's next of kin for purposes of substitution. *Anderson*, 42 F.3d at 1123. The court nevertheless interpreted Federal Rule of Appellate Procedure 43(a)—described as the analogue to Federal Rule of Civil Procedure 25(a)—and applied 735 ILCS 5/2-1008(b) to substitute the plaintiff-appellee's lawyers as special representatives.[4] 42 F.3d at 1123-25; *Tamburo*, 2012 WL 104545, at *2-3 (Federal Rule of Appellate Procedure 43(a) is "derived from" and the "analogue to" Rule 25(a)). In so doing, the Court concluded that the next of kin were not "essential to the

---

[4] Appellate Rule 43(a) provides that "If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party on motion filed," but "[i]f the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings." Fed. R. App. P. 43(a).

8

maintenance" of the suit, and that the lawyers "made clear" that they were "willing to continue the suit." *Id.* at 1124-25.

Wexford attempts to distinguish *Anderson* on three grounds. Specifically, that there: 1) it was the plaintiff(-appellee), not the defendant(-appellant), who died; 2) someone was willing to serve as representative; and 3) the appointment was made only on a temporary basis until the decedent's next of kin was identified and named special administrator of the estate. *See* R. 62 at 3-5. Wexford's arguments fail. First, neither the *Anderson* court nor any of the rules distinguish between a court's power to appoint a representative based on which party died. *See* 735 ILCS 5/2-1008(b) (referring to substitution on the death of "a party"); Fed. R. App. P. 43(a) (same); Fed. R. Civ. P. 25(a) (same). Second, it is clear from *Anderson* only that the decedent's attorneys were "willing to continue the suit" if a representative were substituted, not that they desired the appointment. *See Anderson*, 42 F.3d at 1125. Finally, the *Anderson* court did not indicate its intent to appoint the lawyers only on a temporary basis. To the contrary, the court expressly stated that the "next of kin is not essential to the maintenance of this suit," and provided the next steps to take "*[s]hould* [decedent's lawyers] *for reasons not immediately apparent* require the name of the next of kin to defend against the defendants' appeal." *Id.* at 1124 (emphasis added). The Court will not discount *Anderson* on this basis.[5]

---

[5] The issue is not raised by Wexford, but the Court sees little reason to distinguish *Anderson* on the basis that it concerned Federal Rule of Appellate Procedure 43(a), rather than Federal Rule of Civil Procedure 25(a). Both address substitution on the death of a party (albeit at differing stages of litigation) and invoke similar language. *See* Fed. R. App. P. 43(a) advisory committee's note to 1967 adoption ("Subdivision(a).

9

Tucker also points to *U.S. Bank National Association v. Sullivan-Moore* as further evidence of the Court's authority to make an appointment here. 406 F.3d 465 (7th Cir. 2005); R. 59 at 5. There, the court referenced without discussion that the district court had appointed and substituted in the defendant-decedent's daughter under 735 ILCS 5/2-1008(b) after the defendant died during the proceedings below. *Id.* at 469. While Wexford argues that the court did not indicate whether an estate had been opened, R. 62 at 4, as Tucker notes and 735 ILCS 5/2-1008(b) makes clear, a special representative may be appointed thereunder *only* "if no petition has been filed for letters of office for the deceased's estate." Accordingly, Wexford's argument again fails to persuade.

Finally, Tucker points to *Tamburo*, where the court analyzed Rule 25(a) and 735 ILCS 5/2-1008(b) for purposes of substituting a representative for the defendant, who died intestate and where no petition was filed for letters of office for his estate. *Tamburo*, 2012 WL 104545 at *3. The Court noted that "Illinois law suggests that the court should either (1) substitute a personal representative; or (2) appoint a special representative who is capable of defending the action." *Id.* (citing 735 ILCS 5/2-1008(b)). But the court declined to appoint a special representative even while it acknowledged its authority to do so. *Id.* Instead, the court ordered additional discovery to ascertain whether the defendant maintained liability insurance at the

---

The first three sentences describe a procedure similar to the rule on substitution in civil actions in the district court. *See* FRCP 25(a)."); *and compare* Fed. R. Civ. P. 25(a) ("the court may order substitution of the proper party"), *with* Fed. R. App. P. 43(a) ("if the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings").

10

time of his death. *Id.* The court reasoned that absent such insurance, appointment of a special representative would be futile given the limitation on recovery in 735 ILCS 5/2-1008(b)(2) to "proceeds of any liability insurance."[6] *Id.* at 4. Wexford did not address *Tamburo* in its brief.

This is not a well-traveled area of the law. However, the Court is persuaded by Tucker's argument and the case law that it has authority to appoint a special representative under 735 ILCS 5/2-1008(b)(2) as a "proper party", where: 1) Craig died a defendant to this lawsuit after Tucker filed it; 2) no probate estate has been or is expected to be opened; 3) Craig was insured through Wexford; and 4) Tucker has represented that any recovery will be limited to the proceeds of that liability insurance. *See Relf*, 998 N.E.2d at 28 (comparing 735 ILCS 5/13-209 and 735 ILCS 5/2-1008(b), and indicating that the latter "deals with . . . what happens when a party to an action dies after suit has been filed," but "special representative" under either designates "someone appointed by the court . . . where no petition for letters of office for the decedent's estate has been filed"); *Knauerhaze v. Nelson*, 836 N.E.2d 640, 666 (Ill. App. Ct. 2005) (noting in negligence action against surgeon who died during trial, "[plaintiff] had the option to open a probate estate" but instead "chose to invoke section 2-1008(b) to avoid the formalities inherent with probate; however, in making

---

[6] Wexford argues that Tucker has not explained why Illinois state civil procedure law applies when Craig died in and was a resident of South Carolina. R. 62 at 3. But in *Stewart*, the sole case Wexford relies upon, the court also applied Illinois civil procedure law to determine the appropriate procedure for substitution despite that the defendant apparently died in California. *Stewart,* 2015 WL 6407210 at *9.

11

this choice, [plaintiff] implicitly agreed to the limits of the statute he invoked" regarding his potential recovery).

The Court further concludes that it has the authority to appoint Wexford's counsel (who was also counsel for Craig) as special representative here, and that such an appointment would be both prudent and efficient given that counsel is already familiar with the case, has participated in significant discovery (including Tucker's deposition), and because any conflict issues have been resolved following Tucker's representation that he will not seek punitive damages as to his claim against Craig. However, in the event that Wexford's counsel objects to such an appointment, the Court will grant counsel fourteen days in which to file a suggestion of an alternative special representative. To the extent that Wexford does not do so or the Court does not agree that the person or entity indicated could sufficiently defend the suit on behalf of Craig's estate, the Court will thereafter appoint counsel for Wexford. *See Anderson*, 42 F.3d at 1123 (a representative appointed under 735 ILCS 5/2-1008 prosecutes or defends (as applicable) "the suit not on his own behalf, of course, but on behalf of the deceased [party's] estate").

## Conclusion

For the foregoing reasons, Plaintiff's motion, R. 59, is granted, provided that counsel for Wexford may first recommend a special representative to the Court as instructed above before the official appointment of any such representative.

ENTERED:

*Thomas M Durkin*

———————————

Honorable Thomas M. Durkin
United States District Judge


Dated: March 6, 2019